Dear Mr. Diez:
You have requested an opinion from our office as general counsel on behalf of the Ascension Parish School Board pertaining to the salaries of non-certified, non-tenured school employees. As you have indicated, the opinion request particularly concerns the years of experience that school board personnel may or may not have been credited with when they were initially employed by the Board or were transferred from one Board position to another, i.e., aide to secretary.
You list the facts as follows:
 Prior to June 1993, the Board did not have a policy addressing whether employees who were transferred or hired would be given credit for years of experience at their prior positions. A policy was adopted in June, 1993.
 However, over the course of a number of years, the Superintendent, in the absence of Board policy, did give credit for years of experience to some newly hired and transferred employees. In some cases, he did not. In effect, this act by the Superintendent increased the salary level for those who received the credit, as opposed to that [sic] those who did not.
 There was no formal Board policy which permitted the Superintendent to give credit for years of experience, however the salaries of the subject employees is included in the Board's budget and this is voted on annually. Upon adoption of the policy covering this matter in June, 1993, a number of issues were brought to the attention of the Board.
Specifically, you ask the following questions:
 1. Whether the credit for years of experience given by the Superintendent in the absence of Board policy amounted to an unconstitutional donation of public funds, and if yes, what measures are available to the Board;
 2. Whether the Board, to correct any inequities created by the credit for years of experience by the Superintendent in the salary levels between employees similarly situated, may reduce the salaries of those given the credit or freeze their salaries until the years of service/salary index equals their position.
Article 7, Section 14 (A) of the Louisiana Constitution sets forth prohibited uses of public funds. It states:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
Title 17 Section 81 of the Louisiana Revised Statutes sets forth the general powers and duties of School Boards and Parish Superintendents. However, this statute does not specify the duties and responsibilities of the Superintendent. LSA-R.S.17:81C provides that:
 [e]ach city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper."
Therefore, it is within the discretion of each city or parish school board to set forth the duties and responsibilities that their parish superintendent will assume. I requested a copy of the job description for the Ascension Parish School Board Superintendent. Included as a performance responsibility of the Superintendent on page 140 is the responsibility to "[n]ominate for appointment, assign, and define the duties of personnel."
As you have indicated in your opinion request, prior to June 1993 the Board did not have a policy addressing whether employees who were transferred or hired would be given credit for years of experience at their prior positions. Therefore, it appears that prior to June of 1993 the School Board left the responsibility of contracting non-certified, non-tenured school employees within the discretion of the Superintendent with the approval of the Board. As stated, you have indicated that a salary schedule for non-certified non-tenured school employees was adopted in June of 1993. Since the salary schedules for such employees were not in effect until June 1993 and since there was no formal Board policy which prohibited the Superintendent from giving credit for years of experience, there does not appear to be a violation of Article 7, Section 14 (A) of the Louisiana Constitution against prohibited donations of public funds. Additionally, since the School Board approved the budget which includes the salaries of the non-certified, non-tenured employees, the necessary stops for authorizing such salaries appear to have been taken.
Your second question is:
 "Whether the Board, to correct any inequities by the credit for years of experience by the Superintendent in the salary levels between employees similarly situated, may reduce the salaries of those given the credit or freeze their salaries until the years of service/salary index equals their position?"
LSA-R.S. 17:422.6 prohibits the reduction of salaries of "school employees" paid on a hourly basis or annual salary. A "school employee" is defined in Section B as:
 [F]or purposes of this Section, the term "school employee" shall mean, without limitation, a teacher aide, paraprofessionals, school bus driver, food service worker, clerical custodial, and maintenance personnel, and any other employee of a city or parish school board, of a state school for the deaf, blind, spastic, or cerebral palsied, or of State School District No. 1 who is not required to hold a teacher's certificate as a condition of employment.
Section A of LSA-R.S. 17:422.6 specifically prohibits the following:
 Notwithstanding any other provisions of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
LSA-R.S. 17:422.6 (C) further states several conditions which would exempt school boards from the provisions stated in subsection (A) of R.S. 17:422.6. Subsection (C) provides:
 C. The provisions of this section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of or exploration for minerals, including severance taxes, royalty payments, bonus payments, or rentals.
Therefore, it is clear that the salaries of non-certified non-tenured school employees cannot be reduced unless Subsection (C) is applicable. However, there does not appear to be a provision in the law that would prohibit freezing the salaries of such employees that were given credit for years of service until other employees salaries, who have the same years of service can be brought up to the same level. It should be noted that if there is an existing contract between an employee and the School Board, the terms of that contract must be honored prior to freezing any salaries.
In summary, the credit for years of service given by the Superintendent which was approved by the Board when they approved the budget for non-certified nontenured school employees prior to June 1993 when a salary schedule was adopted does not constitute a prohibited donation of public funds, a violation of Article 7, Section 14 (A) of the Louisiana Constitution. Additionally, to correct any inequities created by the credit for years of service given by the Superintendent in the salary levels between employees similarly situated, the Board can consider freezing the salaries of those given credit for years of service until the years of service/salary index equals their position. However, the Board cannot reduce the salaries of those given credit unless the circumstances of LSA-R.S. 17:422.6 (C) are present.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Beth Conrad Langston Assistant Attorney General